IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01366-RM-NRN

BRENDA GEIGER, CLAUDIA SAMPEDRO, DESSIE MITCHESON, and URSULA MAYES,

Plaintiffs,

v.

52 EIGHTY SPORTS BAR, LLC D/B/A 52EIGHTY SPORTS BAR AND NIGHT CLUB; and DOES 1-10,

Defendants.

---

**REPORT AND RECOMMENDATION ON**
**DEFENDANT 52 EIGHTY SPORTS BAR, LLC'S MOTION TO DISMISS**
**(Dkt. #29)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before the Court on Defendant 52 Eighty Sports Bar, LLC d/b/a 52Eighty Sports Bar and Night Club ("52Eighty")'s Motion to Dismiss Amended Complaint. (Dkt. #29.) Judge Raymond P. Moore has referred the motion to the Court. (*See* Dkt. #32.)

Plaintiffs Brenda Geiger, Claudia Sampedro, Dessie Mitcheson, and Ursula Mayes (together, "Plaintiffs") filed an initial Complaint on May 19, 2021 (Dkt. #1) and an Amended Complaint on July 26, 2021. (Dkt. #13.) 52Eighty filed its motion to dismiss on October 13, 2021 (Dkt. #29) and Plaintiffs responded on October 27, 2021. (Dkt. #34.) The Court heard oral argument on the motion on December 15, 2021. (*See* Dkt. #35.)

The Court has taken judicial notice of the Court's file, considered the applicable Federal Rules of Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court makes the following recommendation.

**BACKGROUND**[1]

Plaintiffs bring this suit against 52Eighty for violations of the Lanham Act, 15 U.S.C. § 1125(a)(1), common law misappropriation of likeness, and tort law. (Dkt. #13 at ¶ 2.) All allegations are taken from the Amended Complaint (*id.*) and non-conclusory allegations are presumed true for the purposes of the pending motion to dismiss.

In 2017, 52Eighty began posting images of Plaintiffs, who are professional models, on its website and social media pages without Plaintiffs' authorization or consent. (*See* Dkt. #13 at ¶ 6; Dkt. #13-3.) According to Plaintiffs, 52Eighty pirated images of Plaintiffs from Plaintiffs' own social media pages and edited the images to create the false impression that Plaintiffs were associated with 52Eighty. (Dkt. #13 at ¶¶ 47, 49, 58.) Between October 2017 and February 2019, there were seven unique images of Plaintiffs posted eighteen different times on 52Eighty's social media pages. (*See id.* at ¶¶ 62, 73, 84, 95.) Images of Plaintiffs were used to advertise 52Eighty events and promotions, such as "Erotic Bingo" and "$2 shot specials." (Dkt. #13 at ¶¶ 62, 73.) The images featuring Plaintiffs were still on 52Eighty's social media pages and website when the Amended Complaint was filed. (*Id.* at ¶¶ 64, 75, 86, 97.) At the time the Amended Complaint was filed, Plaintiffs had not received any benefit for 52Eighty's use of their images. (*Id.* at ¶ 52.)

---

[1] All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

Plaintiffs contend that 52Eighty gained an economic windfall from the unauthorized use of their images by creating the false impression that Plaintiffs were associated with 52Eighty. (*Id.* at ¶ 12.) Plaintiffs allege that, as a result of Plaintiffs' undesired and ongoing affiliation with 52Eighty, Plaintiffs' images, brands, and marketability continue to be irreparably harmed. (*See id.* at ¶¶ 12, 62.) Plaintiffs further argue that 52Eighty should have maintained employee policies and procedures to prevent the unauthorized and nonconsensual use of individuals' image and likeness and acted negligently by failing to do so. (*Id.* at ¶¶ 153, 161.) Plaintiffs bring claims against 52Eighty for violations of the Lanham Act (Counts I and II), common law misappropriation of likeness (Count III), and tort law (Count IV).[2] (*Id.* at ¶ 114, 122, 145, 161.)

52Eighty moves to dismiss the Amended Complaint under Rule 12(b)(6), arguing that Plaintiffs have failed to state a cognizable claim because 52Eighty did not exist at the time of the alleged conduct. (Dkt. #29 at 2.) 52Eighty argues that the Court should take judicial notice of the Colorado Secretary of State records stating that the business was formed on March 9, 2020, which was after the alleged initial postings. (*Id.* at 1.)

## LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is one that "allows the court to

[2] The Court notes that paragraph 2 of the Amended Complaint makes the conclusory allegation that 52Eighty's conduct constitutes defamation, among other things (*see* Dk. #13 at ¶ 2), but the Amended Complaint does not assert a defamation claim.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts must accept well-pled allegations as true, purely conclusory statements are not entitled to this presumption. *Id.* at 678, 681. Therefore, so long as Plaintiffs plead sufficient factual allegations such that the right to relief crosses "the line from conceivable to plausible," they have met the threshold pleading standard. *Twombly*, 550 U.S. at 556, 570.

**ANALYSIS**

52Eighty argues that, if the Court takes judicial notice of the Colorado Secretary of State records stating that 52Eighty was formed on March 9, 2020—after the alleged misconduct—the Court must dismiss Plaintiffs' Amended Complaint for failing to allege any misconduct by 52Eighty. The Court is not persuaded.

52Eighty has correctly noted that a "court may consider facts subject to judicial notice at the motion to dismiss stage without converting the motion to dismiss into one for summary judgment." (Dkt. #29 at 3 (quoting *Sexton v. City of Colorado Springs*, 530 F.Supp.3d 1044, 1056 n.2 (D. Colo. 2021).) However, even if the Court were to take judicial notice of the Colorado Secretary of State's records stating that 52Eighty was formed on March 9, 2020, that does not answer the question of the extent to which 52Eighty inherited liability from its predecessor. To resolve such a question at this stage in the litigation would require the Court to either make inferences from the Colorado Secretary of State records or look beyond the four corners of the Amended Complaint to the agreement between 52Eighty and its predecessor, neither of which is permitted at the motion to dismiss stage. *See Patel v. Parnes,* 253 F.R.D. 531, 546 (C.D. Cal. 2006) (explaining that a court can take judicial notice of a public record but cannot draw inferences from the content of the public record); *Ajaj v. Fed. Bureau of Prisons*, 838

F.Supp.2d 1108, 1112 (D. Colo. 2011) ("[T]he Court's consideration is limited to the four corners of the complaint and any attached or referenced documents when considering a Motion to Dismiss.").

Additionally, even if the Court were to conclude that 52Eighty did not inherit liability from its predecessor—which the Court cannot do at this phase—Plaintiffs allege in their Amended Complaint that 52Eighty continues to misappropriate their images because it has not removed the initial posts containing images of Plaintiffs. (Dkt. #13 at ¶¶ 64, 75, 86, 97.) Thus, the alleged violations of Plaintiffs' rights are continuing, and Plaintiffs have sufficiently stated claims against 52Eighty.

## CONCLUSION

In light of the foregoing, it is hereby **RECOMMENDED** that 52Eighty's Motion to Dismiss Amended Complaint (Dkt. #29) be **DENIED.**

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

BY THE COURT

Date: February 18, 2022
Denver, Colorado

N. Reid Neureiter
United State Magistrate Judge